# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Steven Anthony Quesada,<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  4:21-mj-71489-MAG<br>)<br>)  **FILED UNDER SEAL**<br>)<br>)<br>) |

**FILED**
Sep 17 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 4, 2021__ in the county of __Contra Costa__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in Possession of Ammunition |

Maximum Penalties: maximum term of 10 years imprisonment; $250,000 fine; 3 years supervised release; forfeiture

This criminal complaint is based on these facts:

Attached Affidavit of Federal Bureau of Investigation ("FBI") Special Agent Matthew Ernst

☑ Continued on the attached sheet.

Approved As To Form:

*Jonathan U. Lee*
AUSA JONATHAN U. LEE

/s/ Matthew Ernst
*Complainant's signature*

Matthew Ernst, Special Agent
*Printed name and title*

Sworn to before me by telephone.

Date: 9/17/21 3:55 pm

*Judge's signature*

City and state: San Jose, California

Hon. Nathanael Cousins, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF FBI SPECIAL AGENT
# MATTHEW ERNST IN SUPPORT OF CRIMINAL COMPLAINT

I, Matthew Ernst, Special Agent, Federal Bureau of Investigation, Concord, California, being duly sworn, hereby state as follows:

## I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. I make this affidavit in support of a criminal complaint charging Steven Anthony QUESADA (QUESADA) for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). For the reasons stated below, I submit that there is probable cause to believe that, on or about February 4, 2021, QUESADA possessed ammunition in Antioch, California, which is in the Northern District of California.

2. The facts contained in this affidavit are based upon information I have gathered in my investigation, my personal observations, my training and experience, and from information received from other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that there has been a violation of 18 U.S.C. § 922(g)(1).

## II. AFFIANT BACKGROUND AND EXPERIENCE

3. I am a Special Agent of the Federal Bureau of Investigation and have been so employed since March of 2004. During my time at the FBI, I have investigated a variety of federal crimes. Following Hurricane Katrina, I investigated shootings and homicides in the City of New Orleans. I also have attended training regarding the investigation of violent crimes and homicides through the FBI Oakland Homicide Task Force. Furthermore, I was an instructor at the FBI Academy for two years, where I taught new agents and other law enforcement officers in the use of tactics and arrest techniques. While working as an FBI Special Agent, I have been a member of the International Homicide Investigators Association and the California Robbery Investigators Association. I am a certified Firearms Specialist through the International Firearms Specialist Academy. Prior to working for the FBI, I was a police officer for the City of Antioch for over five years, where, among other duties, I worked as a detective investigating violent crime. In addition to the training and experience discussed above, I have also spoken to and worked with more experienced federal and state agents and officers throughout my career.

4. Currently, I am assigned to the FBI Safe Streets Gang Task Force in Contra Costa County, San Francisco Field Office, where my responsibilities include the investigation of federal firearms and narcotics violations. In this position, I have investigated and participated in the charging of dozens of federal cases involving violations of 18 U.S.C. § 922(g)(1), as well as other federal offenses.

5. In connection with my official duties, I have participated in the investigation of

QUESADA as a convicted felon in possession of ammunition, which occurred on February 4, 2021. For this investigation, I have obtained the information herein from members of the Antioch Police Department, the Bureau of Alcohol, Tobacco and Firearms, and from my own investigation. I am familiar with the facts and circumstances of this case. My experience as an FBI Special Agent, during which I have received training in the investigation of federal firearms violations and other criminal investigations, and my participation in this investigation, form the basis of the opinions and conclusions set forth below.

### III. APPLICABLE LAW

6. Under 18 U.S.C. § 922(g)(1), it is unlawful for any person who knows that he or she has been previously convicted of a crime punishable by imprisonment for a term exceeding one year to knowingly possess a firearm or ammunition that has traveled in or affected interstate commerce.

### IV. STATEMENT OF FACTS ESTABLISHING PROBABLE CAUSE

7. On February 4, 2021, at approximately 7:59 p.m., Antioch police were alerted to a stolen 1999, red, Toyota Tacoma pickup truck, Oregon license plate 917EEJ, traveling west on E.18th Street, near Cavallo Road in Antioch, California. Officer Miller responded to the area and located the vehicle parked in front of the Bank of America, located at 41 E. 18th Street. Upon arrival, Officer Miller observed QUESADA around the open driver's side door. QUESADA appeared to have just gotten out of the driver's seat. QUESADA closed the driver's door and walked toward the rear tailgate of the truck. Officer Miller saw a second individual, later identified as Noel Lounsburry, near the passenger door. Lounsburry closed the passenger door of the vehicle and began to walk toward the ATM machine at the front of the bank.

8. Officer Miller activated the emergency lights on his patrol car and detained QUESADA and Lounsburry due to the fact they appeared to have just got out of the stolen Toyota Tacoma. QUESADA was placed under arrest for vehicle theft and possession of a stolen vehicle. Officer Angelini searched QUESADA incident to arrest and located a clear plastic baggie containing a clear crystalized substance, believed to be methamphetamine, in QUESADA's front, right, pants pocket.

9. Officer Angelini also conducted a records check on QUESADA and discovered he had a warrant for his arrest out of Solano County. As officers were detaining QUESADA, QUESADA made a spontaneous statement that there was a firearm in the vehicle, on the driver's seat. Officer Miller looked inside the vehicle and observed a black semi-automatic pistol, located directly on the driver's seat. Below is a photograph of the pistol when Officer Miller first saw it:



10. Officer Miller recovered the firearm and discovered it was a Polymer, P80, 9mm pistol, with no serial number. The firearm had a magazine inserted with 16 9mm bullets with "Hornady 9mm Luger" stamped on the headstamp. There was one 9mm "Hornady 9mm Luger" round in the chamber. Below is a photograph of the firearm and ammunition:



11. Officer Miller interviewed Lounsburry in the rear of his patrol vehicle. Lounsburry waived his Miranda rights and told Officer Miller the following: Lounsburry did not know the vehicle was stolen. He did not know there was a firearm in the vehicle. Officer Miller released Lounsburry at the scene.

12.  Officer Miller spoke to QUESADA, who had been transported to the Antioch Police Department. QUESADA waived his Miranda rights and told Officer Miller the following: QUESADA said he purchased the truck from a friend. He has a bill of sale at his home.

The methamphetamine officers found on him was for personal use. QUESADA received the pistol from his friend in Georgia, after he died. QUESADA admitted he was a convicted felon but would not say what he was convicted for. QUESADA then requested a lawyer.

13. While at APD, Officer Miller weighed the suspected methamphetamine. The suspected methamphetamine weighed approximately 28.3 grams, to include packaging. Officer Miller conducted a presumptive test of the suspected methamphetamine, which tested positive as methamphetamine.

14. On March 8, 2021, I spoke to ATF Special Agent Richard Timbang regarding the "Hornady 9mm Luger" ammunition found in QUESADA's possession. SA Timbang confirmed the ammunition was not manufactured in the State of California, and thus moved in interstate commerce in order to be recovered in California.

15. I have reviewed QUESADA's criminal history. On June 1, 2016, QUESADA sustained felony convictions in Contra Costa Superior Court for violations of California Vehicle Code § 2800.2-Felony Evading, California Health & Safety Code § 11379-Transportation of a Controlled Substance, and 11378-Possession of a Controlled Substance for Sale. QUESADA was sentenced to two years in state prison on each conviction, concurrent.

## V.     CONCLUSION

16. Based upon the foregoing, I submit that there is probable cause to believe that Steven Anthony QUESADA has violated 18 U.S.C. § 922(g)(1) for being a felon in possession of ammunition.

Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ *Matthew Ernst*
Matthew Ernst
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 and 4(d) on this 17 day of September 2021.

_____
HONORABLE NATHANAEL COUSINS
UNITED STATES MAGISTRATE JUDGE